*Law Offices*
**MORGAN, LEWIS & BOCKIUS LLP**
**(A Pennsylvania Limited Liability Partnership)**
**502 Carnegie Center**
**Princeton, New Jersey 08540**
**609-919-6696**
**Thomas A. Linthorst**
**August W. Heckman III**
**Attorneys for Defendant**
**JPMorgan Chase & Co.**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FRANK DOMBROSKI,** | |
| **Plaintiff,** | Civil Action No. _____ |
| **v.** | |
| **J.P. MORGAN CHASE & CO.,** | |
| **Defendant.** | **NOTICE OF REMOVAL** |

TO:   **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant JPMorgan Chase & Co. ("Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby removes this action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Union County. The grounds for removal are as follows:

1.     Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows: Plaintiff Frank Dombroski ("Plaintiff") stated in his Complaint that he is a resident of Westfield, New Jersey and is represented by Steven R. Rowland, Esquire, of Berman,

Sauter, Record & Jardim, P.C., 222 Ridgedale Avenue, Morristown, New Jersey 07962-2249. JPMorgan Chase & Co. is headquartered at 270 Park Avenue, New York, New York 10017, and is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

 2. On May 24, 2011, Plaintiff filed a civil action in the Superior Court of New Jersey, Law Division, Union County, captioned as <u>Frank Dombroski v. J.P. Morgan Chase & Co.</u>, Docket No. UNN-L-2039-11.

 3. On June 1, 2011, the Complaint was served upon Defendant.

 4. Defendant has filed this Notice of Removal within thirty (30) days of service of the Complaint and, therefore, has timely filed it pursuant to 28 U.S.C. §1446.

 5. No other proceedings have been held in this action and the Summons, Complaint, and other papers received to date are attached hereto as Exhibit A, and constitute all process, pleadings, and orders received by Defendant in this case.

 6. Plaintiff, at all pertinent times, was and is a citizen of the State of New Jersey. <u>See</u> Complaint ¶ 1.

 7. Plaintiff asserts that he was employed by Defendant and that "[d]uring much of his tenure, from approximately January 2005 until his termination, Dombroski served as Senior Vice President and Managing Director" and "was the unit's functional Chief Operating Officer, responsible for its profit and loss management, reporting to the unit's functional Chief Executive Officer, Richard Erario ("Erario")." <u>See</u> Complaint, ¶ 1. As Plaintiff alleges, Defendant is incorporated in the State of Delaware and is headquartered at 270 Park Avenue, New York, New York 10017. <u>See</u> Complaint ¶ 2. Therefore, for purposes of 28 U.S.C. § 1332, Defendant is not a citizen of the State of New Jersey.

8.      Because Plaintiff and Defendant are citizens of different States, there is complete diversity in this action.  There are no other named parties to the case.

9.      In his Complaint, Plaintiff asserts claims against Defendant for Breach of Contract ("Count One"); Unjust Enrichment ("Count Two"); and Breach of the Covenant of Good Faith and Fair Dealing ("Count Three").

10.      In his Complaint, Plaintiff indicates that the matter in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).  Specifically, Plaintiff seeks the payment of $270,000.00 as an "additional payment" he claims he earned, together with other losses that total more than $400,000.00.  See Complaint ¶ 33.

11.      Because Defendant is the only named defendant and the only defendant served, there are no other consents required for removal.

12.      Accordingly, Defendant removes this action pursuant to 28 U.S.C. §1441(a) on the basis that the above-captioned matter is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), in that it is a suit between citizens of different States and in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13.      Defendant also seeks removal of this action because the above-captioned matter is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because it arises under ERISA.  The severance benefits Plaintiff claims he was wrongfully denied upon his termination of employment were provided under a plan that is an "employee benefit plan" within the meaning of ERISA.  29 U.S.C. § 1002(2).  ERISA provides an exclusive remedy for participants or beneficiaries to recover benefits under an employee benefit plan.  29 U.S.C. § 1132.  Congress expressly provided that ERISA's provisions preempt

"all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144; see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1989) ("We have observed in the past that the express preemption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern.") (quotation omitted). Because Plaintiff's cause of action for a "severance package" seeks the payment of severance benefits under the ERISA severance plan, it clearly "relates to" an employee benefit plan. As such, it is preempted by ERISA. See Pilot Life, 481 U.S. at 54 (common law contract and tort claims asserting an improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are preempted).

14.     Not only is Plaintiff's state law claim for severance benefits preempted by ERISA because it seeks severance benefits from the ERISA plan, it also provides a basis for removal. An exception to the requirement that a federal claim must appear on the face of a well-pleaded complaint exists for "complete preemption." Weinstein v. Paul Revere Ins. Co., 15 F. Supp. 2d 552, 554 (D.N.J. 1998). In this case, Plaintiff's state law claim for severance benefits provided under the ERISA plan is so completely preempted by ERISA that it is "federal in character," it arises under the laws of the United States, and thus provides a basis to remove this case to this Court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 67 (1987) ("Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b)."); see also Beneficial National Bank v. Anderson, 539 U.S. 1 (2003) ("[W]e held [in Metropolitan Life Ins. Co.] that removal was proper even though the complaint purported to raise only state-law claims").

15.     Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be promptly given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Union County.

**WHEREFORE**, Defendant JPMorgan Chase & Co. hereby removes this case from the Superior Court of New Jersey, Law Division, Union County, and this Court has jurisdiction over further proceedings.

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendant
JPMorgan Chase & Co.

DATED:  June 30, 2011                    /s/ August W. Heckman III
                                         August W. Heckman III

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

MORGAN, LEWIS & BOCKIUS LLP
Attorneys for Defendant
JPMorgan Chase & Co.

DATED:  June 30, 2011            /s/ August W. Heckman III            
                                 August W. Heckman III

## CERTIFICATE OF SERVICE

I, August W. Heckman III, hereby certify that a true and correct copy of the foregoing

Notice of Removal was served via Federal Express this 30th day of June 2011, upon:

Steven R. Rowland, Esquire
Berman, Sauter, Record & Jardim, P.C.
222 Ridgedale Avenue
Morristown, New Jersey 07962-2249
*Attorneys for Plaintiff*

/s/ August W. Heckman III
August W. Heckman III