## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK DOMBROSKI, | : | |
|  | : | Civil Action No. 11-3771 (SRC) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **OPINION & ORDER** |
|  | : | |
| JPMORGAN CHASE BANK, N.A., | : | |
|  | : | |
| Defendant. | : | |
|  | : | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"). For the reasons stated below, the motion will be granted.

This case involves a dispute over employment termination. The Amended Complaint alleges the following facts. Plaintiff Frank Dombroski was employed by JPMorgan until his termination in late January of 2009. In 2008, Plaintiff discovered that some of his performance ratings had been tampered with by employee Stein, at the direction of employee Vergara, and he made a complaint to JPMorgan's Employee Relations Department. The complaint was not investigated. Vergara and Stein, "on their own initiative," audited Plaintiff's expense reports "for the express purpose of providing a pretextual basis for terminating Dombroski 'for cause,' in order to deprive him of his earned, additional compensation." (Am. Compl. ¶ 23.) During the audit, Stein found a minor misstatement on one of Plaintiff's expense reports, and Plaintiff was therefore terminated for cause, and he did not receive certain bonus payments at the end of January.

The Amended Complaint asserts three claims: 1) "Chase breached its contract with Dombroski when it terminated Plaintiff in order to avoid paying the $270,000 additional payment he had earned for the year 2008" [and other payments] (Am. Compl. ¶ 35); 2) unjust enrichment; and 3) breach of the covenant of good faith and fair dealing.

Both parties submitted briefs on this motion which demonstrate that the case has moved substantially from its origins in the Amended Complaint.  Consider the first sentence of Plaintiff's opposition brief: "Defendant . . . ignores a central tenet of the employment contract it has with all of its employees, namely, it promises not to retaliate against anyone who reports . . . violations of its Code of Conduct."  (Pl.'s Opp. Br. 1.)  The opposition brief goes on to state: "Dombroski's termination was a breach of the Code's express 'no retaliation' promise and hence a breach of contract."  (Id.)  Plaintiff's brief states its primary legal theory of the breach of contract claim as follows: "The retaliatory firing . . . discharges the condition precedent in the Performance-Based Incentive Compensation Plan . . . that Dombroski be in defendant's employ on" [the date of payment of the bonus].  (Id. at 10.)

There is a considerable gap between the Amended Complaint and the claims and theories asserted in the opposition brief.  A key element of the legal theory asserted in the opposition brief is that JPMorgan terminated Plaintiff's employment as an act of retaliation, and this retaliation violated its own "Code of Conduct," which is an express contract.  The only mention of this "Code of Conduct" in the Amended Complaint is this: "Dombroski was subsequently terminated 'for cause' for a purported Code of Conduct violation."  (Am. Compl. ¶ 32.)  This single reference does not provide a factual foundation for the assertion that the "Code of Conduct" was a contract entered into by the parties.  There is no factual support in the Amended Complaint for

the assertion that the Code of Conduct was an existing contract between the parties, nor that it contained a contractual provision barring acts of retaliation.  The Amended Complaint fails to plead a factual foundation for the theory that the retaliatory firing of Plaintiff breached a contract between the parties, the "Code of Conduct."

Furthermore, it is unclear from the Amended Complaint what contract it alleges has been breached.  Under New York law, "[t]o establish a prima facie case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank, 392 F.3d 520, 525 (2d Cir. 2004).  The Amended Complaint fails to sufficiently identify the contract at issue, and to sufficiently plead its existence.  This is sufficient to establish that the Amended Complaint fails to state a valid claim for breach of contract.  Furthermore, this Court does not find in the Amended Complaint sufficient factual foundation for the theory advanced in the opposition brief, that a breach of the "Code of Conduct" contract discharged a condition precedent in the "Performance-Based Incentive Compensation Plan" contract.

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). As to Count One, the claim for breach of contract, Defendant has carried its burden of showing that no claim has been presented, and the motion to dismiss for failure to state a valid claim will be granted.

As for Count Two, for unjust enrichment, "[t]o prevail on a claim for unjust enrichment

in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that equity and good conscience require restitution." Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000). Count Two merely asserts that Defendant was unjustly enriched by the retention of the bonus payments. Count Two says nothing that explains why equity and good conscience require restitution. It is not enough to make the conclusory assertion that Defendant was unjustly enriched. Rather, Twombly requires that Plaintiff plead sufficient facts to make the claim plausible. The Amended Complaint does not do so.

At the heart of the Amended Complaint is the allegation that Vergara and Stein audited Plaintiff's expense reports "for the express purpose of providing a pretextual basis for terminating Dombroski 'for cause,' in order to deprive him of his earned, additional compensation." (Am. Compl. ¶ 23.) This allegation appears to be central to the claim that Plaintiff suffered injustice – that Defendant's agents intentionally sought to deprive him of compensation. Yet, as pleaded, this assertion is entirely conclusory. The Amended Complaint provides no factual foundation for the assertion that Vergara and Stein wanted to deprive Plaintiff of compensation. The Amended Complaint gives no basis to infer that Vergara or Stein had any knowledge of Plaintiff's compensation, nor are there sufficient facts alleged to make plausible a chain of causation from the audit to Plaintiff's termination. The Amended Complaint fails to articulate enough facts to make the allegation of intent to deprive Plaintiff of compensation plausible.

Proper factual support for this allegation of malicious intent is essential to this case, as all three claims turn on elements of bad faith and injustice.[1] Thus, Count Three, for breach of the

_____

[1] Although not stated in Count One, Plaintiff's opposition brief proposes the theory that Defendant wrongfully prevented the occurrence of a condition precedent (continued employment

implied covenant of good faith and fair dealing, states that Defendant manufactured a reason to terminate Plaintiff with cause in order to deprive him of the bonus compensation.  (Am. Compl. ¶ 40.)  The Amended Complaint does not state sufficient facts to support this allegation. Moreover, Count Three fails to identify the specific contract that is at issue.

Count Three has more problems than these.  Plaintiff's concession in the Amended Complaint that there was, in fact, a misstatement on one of his expense reports clearly undercuts his allegation that JPMorgan manufactured a reason to terminate him.  (Am. Compl. ¶ 27.)  Also, Count Three states: "Chase had a duty to follow corporate policy and investigate all claims of code of conduct violations in good faith . . ."  (Am. Compl. ¶ 39.)  This assertion comes out of nowhere – no factual foundation has been laid for it.

This Court finds that all three counts in the Amended Complaint fail to state valid claims for relief.  The motion to dismiss will be granted, and the Amended Complaint will be dismissed in its entirety without prejudice.  Plaintiff may file a motion for leave to amend the Amended Complaint, which will give the parties the opportunity to brief the issue of whether such amendment would be futile.

For these reasons,

**IT IS** on this 15th day of September, 2011

---

on a certain date) to payment under the contract, which excuses nonoccurrence of that condition precedent.

**ORDERED** that Defendant's motion to dismiss the Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 10) is **GRANTED,** and the Amended Complaint is hereby **DISMISSED** without prejudice.

　　　s/ Stanley R. Chesler　　　　
STANLEY R. CHESLER, U.S.D.J.

6