NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FRANK DOMBROSKI, | Civil Action No. 11-3771 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to amend the Amended Complaint by Plaintiff Frank Dombroski. For the reasons stated below, the motion will be denied.

On September 15, 2011, this Court granted the motion to dismiss the Amended Complaint filed by Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"). This Court dismissed the Amended Complaint without prejudice, and Ordered that Plaintiff must seek leave to further amend it. Plaintiff now seeks leave to do so.

In opposing the motion to dismiss, Plaintiff relied upon the theory that the "Code of Conduct" in an employee handbook constituted an express contract entered into by the parties. This Court held:

> There is no factual support in the Amended Complaint for the assertion that the Code of Conduct was an existing contract between the parties, nor that it contained a contractual provision barring acts of retaliation. The Amended Complaint fails to plead a factual foundation for the theory that the retaliatory firing of Plaintiff breached a contract between the parties, the "Code of Conduct."

(Opinion and Order of September 15, 2011 at 2-3.) Plaintiff now seeks leave to amend the Amended Complaint to include the factual support for its express contract theory. Defendant

argues that amendment is futile, as the Second Amended Complaint could not withstand a motion to dismiss for failure to state a claim.

Defendant points to a case which is on all fours. In <u>Sharkey v. J.P. Morgan Chase & Co.</u>, 2010 U.S. Dist. LEXIS 139761 (S.D.N.Y. Jan. 14, 2010), the plaintiff argued that JPMorgan's Code of Conduct created a contract. That court rejected that argument, reasoning as follows:

> The breach of contract claim is based on the theory that JPMC's Code of Conduct, which contains a non-retaliation policy, created an implied contract of employment. However, the Code of Conduct specifically states that it "does not create any rights to continued employment and is not an employment contract."
>
> . . .
>
> Under New York law "an employment relationship is presumed to be a hiring at will, terminable at any time by either party." <u>Sabetay v. Sterling Drug, Inc.</u>, 69 N.Y.2d 329, 333, 506 N.E.2d 919, 514 N.Y.S.2d 209 (1987) (citation omitted). "[T]here is no exception for firings that violate public policy such as, for example, discharge for exposing an employer's illegal activities," <u>Lobosco</u>, 96 N.Y.2d at 315 (citation omitted). Where a manual or policy statement contains a disclaimer that nothing in the manual is intended to create a contract, an employee cannot bring a breach of contract claim based on the manual or policy statement. <u>See, e.g.</u>, <u>Baron v. Port Authority of New York and New Jersey</u>, 271 F.3d 81, 85-86 (2d Cir. 2001).
>
> . . .
>
> Plaintiff cannot negate the express disclaimer of contractual rights contained on the first page and in the first section of the Code: the Code "does not create any rights to continued employment and is not an employment contract." The disclaimer is unambiguous in its meaning and is conspicuously placed on the first page of the Code. Accordingly, Plaintiff's breach of contract claim must be dismissed with prejudice.

<u>Id.</u> at *20-*24. The Code of Conduct in the instant case contains the same disclaimer.

<u>Sharkey</u> states correctly the principles of New York law which render the proposed amendment futile. The New York State Court of Appeals has held:

> Routinely issued employee manuals, handbooks and policy statements should not

2

> lightly be converted into binding employment agreements. That would be an unwise expansion of *Weiner*. It would subject employers who have developed written policies to liability for breach of employment contracts upon the mere allegation of reliance on a particular provision. Clearly that cannot be, especially in light of conspicuous disclaiming language. An employee seeking to rely on a provision arguably creating a promise must also be held to reliance on the disclaimer. Here we conclude that such disclaimer prevents the creation of a contract and negates any protection from termination plaintiff may have inferred from the manual's no-reprisal provision.

Lobosco v. N.Y. Tel. Company/NYNEX, 96 N.Y.2d 312, 317 (2001).  Pursuant to Lobosco, the presence of conspicuous disclaiming language prevents the creation of a contract.

In reply, Plaintiff argues that the Code of Conduct does not contain a conspicuous disclaimer.  The Second Amended Complaint cites the Code of Conduct.  (Sec. Am. Compl. ¶ 16.)  Plaintiff submitted the Code of Conduct to this Court as Exhibit A to his brief in opposition to Defendant's motion to dismiss.  (Docket Entry No. 12.)  In considering a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  This Court thus may consider the Code of Conduct in deciding the question of whether the proposed Second Amended Complaint could withstand a motion to dismiss.

As Defendant notes, on the first page of the Code of Conduct, in the first section of the Code, it states: "The Code of Conduct does not create any rights to continued employment and is

not an employment contract." This appears to be a conspicuous disclaimer. There is no support for Plaintiff's assertion that the Code of Conduct does not contain a clear disclaimer of intent to create a contract. The Code of Conduct contains a conspicuous disclaimer of intent to create a contract, and any claim based on the theory that the Code of Conduct is a contract fails to state a valid claim under New York law. The proposed amendment is futile.

Plaintiff next contends that Defendant should be barred from contending that the Code is not an enforceable contract under the principle of judicial estoppel. "Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 228 n.8 (2000). The Third Circuit has set forth three threshold requirements for a finding of judicial estoppel:

> [F]irst, the party in question must have adopted irreconcilably inconsistent positions; second, the party must have adopted these positions in 'bad faith'; and third, there must be a showing that judicial estoppel is tailored to address the harm and that no lesser sanction would be sufficient.

Chao v. Roy's Constr., Inc., 517 F.3d 180, 186 (3d Cir. 2008).

Plaintiff points to Defendant's position in the case of Pinsky v. JP Morgan Chase & Co., 576 F. Supp. 2d 559, 563 (S.D.N.Y. 2008). This argument fails from the get-go. This Court need not determine whether the requirements of Chao have been met because the Third Circuit has held: "We do not consider these factors, however, because, in our Circuit judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position." G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 262 (3d Cir. 2009). In Pinsky, JPMorgan may well have argued that the Code of Conduct constituted a contract, but there is no evidence that it convinced that district court to accept its position. Rather, that Court

held that material factual disputes precluded a grant of summary judgment. <u>Pinsky</u>, 576 F. Supp. 2d at 564.  Had the Court granted the motion for summary judgment and accepted the contract theory, Plaintiff might have a point.  Absent that, however, under Third Circuit law, the threshold requirement for consideration of a judicial estoppel argument has not been met.

      This Court finds that granting leave to amend the Amended Complaint by filing the proposed Second Amended Complaint would be futile, as the proposed Second Amended Complaint could not withstand a motion to dismiss for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion for leave to amend is denied, and this case will be closed.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER, U.S.D.J.